UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

SHELLEY R. HAYES,

    Plaintiff,

    v.

ANDREW SAUL, Commissioner of the
Social Security Administration,

    Defendant.

CAUSE NO.: 4:19-CV-15-TLS

**OPINION AND ORDER**

Plaintiff Shelley Rae Hayes seeks review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income. Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly consider the opinion evidence of record. For the reasons set forth below, the Court finds that substantial evidence supports the ALJ's decision and that Plaintiff has not identified a basis for remand.

**PROCEDURAL BACKGROUND**

On October 30, 2015, Plaintiff filed an application for disability insurance benefits, disabled widow's benefits, and supplemental security income, alleging disability beginning on June 1, 2003. AR 279, 285, 292, ECF No. 11. The claims were denied initially and on reconsideration. *Id*. 170, 174, 178, 183, 186, 189. Plaintiff requested a hearing, which was held before the ALJ on November 30, 2017. *Id*. 93, 192, 194, 226. On March 13, 2018, the ALJ issued a written decision and found Plaintiff not disabled. *Id.* at 13–29. On February 19, 2019, Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. Plaintiff filed an opening brief [ECF No. 13], clarifying that she is challenging the

decision on her claims for disability insurance benefits and supplemental security income but not on her claim for widow's benefits. The Commissioner filed a response brief [ECF No. 14], and Plaintiff filed a reply brief [ECF No. 15].

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2003, the alleged onset date. AR 16.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). Here, the ALJ determined that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, left lower extremity radiculopathy, obesity, left foot Morton's neuroma, GERD, asthma, and anxiety. AR 16.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R.

§§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). Here, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.02, 1.04, 3.02, 3.03, 5.06, 5.08, 11.14, and 12.06. AR 16–19.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with exceptions. Specifically, the claimant is able to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. She is able to occasionally climb ladders, ropes, scaffolds, ramps and stairs and balance, stoop, kneel, crouch and crawl. The claimant is able to have occasional exposure to pulmonary irritants, such as fumes, odors, dusts, gases and poorly ventilated areas. Mentally, she is limited to understand, remember, and carryout simple, unskilled and repetitive tasks that contained 1-4 steps.

AR 19.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). In this case, the ALJ noted that Plaintiff has no past relevant work under 20 C.F.R. §§ 404.1565, 416.965. AR 27.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" in the national

economy given the RFC and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Here, the ALJ found that Plaintiff is not disabled because Plaintiff can perform significant jobs in the national economy of folder, production inspector, and packer. AR 27–28. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1512, 416.912.

Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–4. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the

Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d at 1121 ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, Plaintiff's only challenge to the ALJ's disability determination is that the ALJ improperly considered the opinion evidence of record to find that Plaintiff can do light work with non-exertional limitations rather than sedentary work. The Court finds that the ALJ properly

weighed the opinion evidence of record and that substantial evidence supports the ALJ's RFC determination.

As noted by Plaintiff, sedentary work involves lifting no more than ten pounds at a time, *see* 20 C.F.R. §§ 404.1567(a), 416.967(a), and light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds and walking or standing for a total of six hours in an eight-hour workday, *see* 20 C.F.R. §§ 404.1567(b), 416.967(b).

In support of her assertion that she can perform only sedentary work, Plaintiff identifies the following evidence. At the hearing, she testified that she can lift a gallon of water, AR 102, and notes in her brief that a gallon of water weighs under 10 pounds, Pl.'s Br. 2, ECF No. 13. She also testified that she can sit for 40 minutes, walk for 10 minutes, and stand for 10 to 15 minutes. AR 102–03. Plaintiff cites the February 8, 2016 handwritten note by Dr. Ungar-Sargon that Plaintiff "is totally disabled and cannot get gainful employment." *Id.* 675. Plaintiff then recites the October 2, 2017 examination findings of treating pain specialist Dr. Ungar-Sargon:

> LUMBAR SPINE: On examination of the paravertebral muscles, spasm is noted, tenderness is noted and tight muscle band is noted. Ober's (with the patient in the lateral decubitus position and the knee flexed to 90 degrees-slight abduction of the femur with hip extension to its limit-with the pelvis stabilized) were positive. (This is a sign of iliotibial tract contracture associated with trochanteric bursitis or snapping hip syndrome.) Pace' sign positive. (Resisted abduction of the femur while seated caused pain in the buttocks.) Internal rotation of the femur resulted in deep buttocks pain. Straight leg raising is positive on the left side at 60 degrees.
>
> HIP LEFT: Tenderness is noted over the groin, SI joint and trochanter. Pace's is positive. (Resisted abduction of the femur while seated caused pain in the buttocks.) Thomas test is positive. FABER test is positive. Internal rotation of the femur resulted in deep buttocks pain. Trendelenberg's test is positive.

*Id.* 64. Plaintiff notes Dr. Ungar-Sargon's diagnoses of intervertebral disc disorders with radiculopathy of the lumbar and lumbosacral regions. *Id*. Finally, Plaintiff cites the March 25, 2016 consultative examination findings of Dr. Stram. *Id*. 677–79. Plaintiff notes that Dr. Stram

6

found decreased range of motion in the lumbar spine, left shoulder, and left hip and concluded that Plaintiff would be expected to have limitations on prolonged walking, standing, sitting, carrying, lifting, and climbing without opportunities for rest periods. *Id*. 679–80.

The Residual Functional Capacity ("RFC") is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is a legal decision rather than a medical one. *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995); *see also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id*. at *3.

The relevant evidence includes medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*.

Moreover, an ALJ has an obligation to evaluate every medical opinion and explain the weight given to the opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Medical opinions are weighed by considering the following factors: (1) whether there is an examining relationship; (2) whether there is a treatment relationship, and if so the length of the treatment relationship, the

frequency of the examination, and the nature and extent of the treatment relationship; (3) whether the opinion is supported by relevant evidence and by explanations from the source; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion was offered by a specialist about a medical issue related to his or her area of specialty; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6).

The treating physician rule, applicable in this case,[1] provides that the opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Jelinek*, 662 F.3d at 811 (explaining that, under the "treating physician rule," the opinion of a treating physician "that is consistent with the record is generally entitled to 'controlling weight'"). If an ALJ does not give the treating physician's opinion controlling weight, the ALJ must apply the factors set forth in the regulations to determine what other weight to give the opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Yurt*, 758 F.3d at 860 (requiring an explicit discussion of certain § 404.1527(c)(2) factors on remand). "An ALJ must offer good reasons for discounting the opinion of a treating physician." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) (citing *Moore*, 743 F.3d at 1127).

Plaintiff argues that her testimony, the findings of Dr. Ungar-Sargon, and the findings of Dr. Stram support a limitation to sedentary, rather than light, work. The Court finds that Plaintiff has not identified any error with the ALJ's analysis, that the ALJ properly weighed the opinion

---

[1] On January 18, 2017, the Commissioner published new regulations, "Revisions to Rules Regarding the Evaluation of Medical Evidence," which addressed 20 C.F.R. §§ 404.1527 and 416.927. However, the new regulations only apply to claims filed on or after March 27, 2017, and the claims in this case were filed in 2015.

8

testimony in formulating Plaintiff's RFC, and that substantial evidence supports the RFC determination.

First, the ALJ gave limited weight to the February 8, 2016 handwritten statement of Plaintiff's treating physician, Dr. Ungar-Sargon, in which he wrote only that Plaintiff was "totally disabled and was unable to obtain gainful employment." *See* AR 26 (citing AR 675). No other medical information is written on the page. *See id.* 675. The ALJ explained that this conclusory statement was inconsistent with the fact that Plaintiff had consistently worked at a medium to heavy exertional job from 2003, the date of the alleged onset of disability, until at least 2015. *Id.*; *see also id.* 325. The ALJ noted that Plaintiff stopped working to ride in a semi-truck with her boyfriend, who is a truck driver. *Id.* 26; *see also id.* 686. The ALJ also referenced Plaintiff's ability to ride along in a semi-truck the majority of each week as further evidence that Plaintiff was not as limited as she claimed. *Id.* 26; *see also id.* 365, 686. The ALJ further noted that Dr. Ungar-Sargon never required Plaintiff to undergo physical therapy or treatment with a specialist and that surgery had never been discussed. *Id.* 26. Finally, the ALJ recognized that Dr. Ungar-Sargon did not provide specific limitations as to what Plaintiff can do and explained that only the Commissioner can make the ultimate determination as to whether a person is disabled. *Id.*

Throughout the RFC determination, the ALJ discussed in detail the records that demonstrate the length and frequency of Plaintiff's treatment relationship with Dr. Ungar-Sargon. *See* AR 21–23. The ALJ also recognized that Dr. Ungar-Sargon is a pain management specialist. *Id.* 21 (noting that Plaintiff "sought treatment with a pain management specialist where she complained of neck, left hip and left thigh pain," citing Dr. Ungar-Sargon's treatment records (citing AR 645–74)). The ALJ considered the consistency of Dr. Ungar-Sargon's February 8, 2016 opinion with the evidence of record, the forms of treatment used (medication

9

and injections but not physical therapy or surgery), and whether the opinion was supported by specific findings. AR 26, 27. The ALJ also noted that Plaintiff did seek treatment for her back pain until 2015. AR 26–27. Thus, the ALJ applied the regulatory factors in weighing the opinion and gave good reasons for the weight given. Importantly, as recognized by the ALJ but not discussed by Plaintiff, the February 8, 2016 statement by Dr. Unger-Sargon is not a medical opinion but rather a conclusory statement on the ultimate question of disability, which is for the Commissioner. Medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite [the] impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). Dr. Unger-Sargon's statement that Plaintiff is "totally disabled" is not a medical opinion within the meaning of the regulations. Thus, it was proper for the ALJ to give the statement minimal weight.

Without analysis or citation to evidence of record, Plaintiff makes two perfunctory arguments regarding the weight given to Dr. Ungar-Sargon's opinion. First, Plaintiff challenges the ALJ's reliance on the fact that she rode along with her boyfriend in his semitruck, criticizing the ALJ for not gathering more information about those trips and any physical limitations she may have experience during those trips. But the burden is on Plaintiff to produce evidence of her impairments, and Plaintiff has not pointed to any evidence in the record of difficulties riding in the truck much less evidence demonstrating greater limitations that those imposed by the ALJ in the RFC. It was proper for the ALJ to consider both that Plaintiff stopped working to ride with her boyfriend and that she rode for long periods of time. Second, Plaintiff states that "activities such as driving and shopping are not inconsistent with a limitation to sedentary work." Pl.'s Br. 7. While this is true, activities such as driving and shopping are also consistent with light work. Again, Plaintiff has not identified evidence that she is not able to perform light work.

Next, as to the March 2016 opinion of consultative examiner Dr. Stram, the ALJ gave "some weight" to Dr. Stram's opinion that Plaintiff is expected to have limitations on prolonged walking, standing and sitting, carrying, lifting and climbing without opportunities for rest periods. AR 22 (citing AR 679). The ALJ accurately recited Dr. Stram's examination findings, including that Plaintiff's gait and posture were normal, she was able to walk at a normal pace without holding onto the wall, she reported no difficulty getting on and off the examination table, her strength was normal, her grip strength was normal, and her back was not tender. *Id.* The ALJ also noted the findings that Plaintiff's range of motion was limited in her lumbar spine, left shoulder, and left hip. *Id.* In weighing Dr. Stram's opinion, the ALJ noted that imaging studies of Plaintiff's lumbar spine showed minor degenerative changes not significantly changed since a January 2013 study and that imaging studies of her left shoulder were normal. *Id.* (citing AR 677–85, 690, 691–93). The ALJ relied on Dr. Stram's opinion to the extent the examination findings of limited range of motion in the lumbar spine, left shoulder, and left hip supported a finding of a severe physical problem warranting limitations. *Id.* However, the ALJ explicitly found that Dr. Stram's failure to provide any specific functional limitations was a basis for only giving the opinion some weight. *Id.* Plaintiff has not identified any error with the weight the ALJ gave to Dr. Stram's opinion or argued why Dr. Stram's opinion requires limitations greater than those incorporated in the RFC.

Finally, the ALJ gave "great weight" to the opinions of the state agency consultants who opined that Plaintiff was capable of performing light exertional work with occasional postural limitations. *See id.* 26 (citing AR 134–66). State agency physicians are deemed, by regulation, to be "highly qualified . . . experts in Social Security disability evaluation" and their opinions constitute medical evidence that is considered in the disability determination process. *See* 20 C.F.R. §§ 404.1513a(b)(i), 416.913a(b)(i); *see also* 20 C.F.R. §§ 404.1527(e), 416.927(e)

(referring to §§ 404.1513a, 416.913a). Plaintiff has not identified any inconsistencies between the state agency opinions and the evidence of record, nor has Plaintiff offered any argument as to why the ALJ erred in the weight given to these opinions.

The Court finds that the ALJ considered the record as a whole and properly weighed each medical opinion in accordance with the regulations. Although Plaintiff disagrees with the weight the ALJ gave to each opinion, she does not identify any error with the ALJ's analysis that requires remand. Moreover, the ALJ spent eight single-spaced pages discussing the medical and non-medical evidence he relied on in formulating the RFC. Plaintiff raises no challenge to the ALJ's discussion of this evidence, nor does Plaintiff discuss any aspect of the medical evidence of record other than the facts noted at the outset of this Court's analysis. Plaintiff has cited no evidence demonstrating greater limitations are warranted than those incorporated by the ALJ in the RFC and has not identified any basis for reversal of the ALJ's decision. Substantial evidence supports the ALJ's RFC determination.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in Plaintiff's Brief [ECF No. 13] and AFFIRMS the decision of the Commissioner of the Social Security Administration.

SO ORDERED on March 31, 2020.

                                                  s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT